## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRENDA J. LEE                    )
2509 Southern Avenue, #301       )
Temple Hills, MD 20748,          )
                                 )
         Plaintiff,              )
                                 )
    v.                           )   Civil Action No. _____
                                 )
GORDON R. ENGLAND                )
SECRETARY OF THE NAVY            )
1000 Navy Pentagon               )
Washington, DC 20350-1000        )
                                 )
         Defendant.              )
_____)

### COMPLAINT

1.   Plaintiff Brenda J. Lee, by and through undersigned counsel, hereby files this civil action against Defendant Gordon R. England, Secretary of the Navy, in his official capacity only, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., and seeks relief pursuant to Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the ADEA, for harms caused to Plaintiff by Defendant's unlawful retaliation for her testimony against sexual harassment in Bolling v. England, EEOC case no. 100-A2-7211x and by Defendant's unlawful discrimination against her on the basis of her race (African American) and age (DOB 12-04-48), when Defendant twice denied Plaintiff a promotion from GS-12 to GS-13 Program Analyst. Plaintiff requests as relief: a promotion to a GS-13 position retroactive

to the earliest date that discrimination is found, with full back pay and benefits including interest, maximum compensatory damages, declaratory and injunctive relief, and attorney fees, costs, and expenses, in order to remedy Defendant's unlawful acts.

## PARTIES

2.   Plaintiff Brenda J. Lee, a citizen of the United States, is a longtime GS-343-12 Program Analyst in the Naval Sea System Command's (NAVSEA) Security Assistance Programs Division at the Washington Navy Yard in the District of Columbia, with over 34 years of government service and over 13 years of experience as a GS-12 Program Analyst with NAVSEA.  She resides at 2509 Southern Avenue, #301, Temple Hills, MD 20748.  Ms. Lee is African American and over 57 years of age.

3.   Defendant Gordon R. England is Secretary of the Navy and the head of the United States Department of the Navy, and as such, has ultimate authority over the actions of NAVSEA. Defendant is sued in his official capacity only.  His address is 1000 Navy Pentagon, Washington, DC 20350-1000.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. § 1331.

5.   Specifically, this Court has jurisdiction over this Complaint pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(d), and 1981a.

2

6.    This Court is the proper venue pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).    The majority of the discriminatory acts took place in the District of Columbia.

7.    Ms. Lee timely initiated contact with Defendant's Equal Employment Opportunity ("EEO") Office regarding her claim of retaliation and discrimination (Agency Case No. 04-00024-010) on August 3, 2004, within 45 days of the July 13, 2004 selection for GS-13 in this case and the July 21, 2004 denial of a GS-13 promotion through accretion of duties.  She was notified of her right to file a formal discrimination complaint by Agency letter dated August 30, 2004.  Ms. Lee then timely filed her formal discrimination complaint on September 13, 2004.    After completing its Report of Investigation ("ROI") on Plaintiff's formal complaint, Defendant issued a letter dated February 28, 2005, to Ms. Lee authorizing her to request an Equal Employment Opportunity Commission ("EEOC") hearing, which she timely did on March 22, 2005.  Plaintiff files the instant Complaint more than 180 days after filing her formal discrimination complaint. See 42 U.S.C. § 2000e-16(c).

## FACTS

8.    Ms. Lee is a highly qualified, GS-12 Program Analyst and has served in such positions for over 13 years.  She has extensive training and certification, including training from the Defense Acquisition University, Northern Virginia Community College (Business Information Training, Career Studies

3

Certificate, 1999 <u>cum laude</u>), and NAVSEA, and has regularly been recognized with cash awards and letters of appreciation and commendation since assuming her duties as a GS-12 Program Analyst in 1991.

9.   Ms. Lee, who began working with the Navy in 1969, has worked the majority of her career and life with NAVSEA.

10.  Since 1991, Ms. Lee has served as GS-343-12 Program Analyst in the Security Assistance Programs Division. As a Program Analyst, Ms. Lee is responsible to the Branch Head for financial systems support for the Security Assistance Program pre-case data development in the Defense Security Assistance Management System (DSAMS) for all Letters of Offer and Acceptance (LOA), Price and Availability (P&A) data, case amendments and modifications, Foreign Military Sales (FMS) financial systems integrity, and input and improvements.

11.  Among her many duties, Ms. Lee is responsible for performing the overall pre-case financial data development for all FMS requests, case amendments and modifications, case control input requirements execution, developing and improving new and existing program systems, and special projects management.

12.  At the time of the non-selection to GS-13 at issue in this Complaint, Ms. Lee had over 34 years of professional experience with the Navy and over 13 years of dedicated service as a GS-12 Program Analyst.  Her performance rating at the time

4

Defendant discriminatorily denied her the opportunity to be promoted to a GS-13 position was an "A" for "Acceptable."

13. As a GS-12 employee, Ms. Lee has been performing the same duties as two other GS-13s (Renee Dutton and Barbara Hall) since 1998 and has not been compensated accordingly. Despite being a grade lower, Ms. Lee has been responsible for more duties and responsibilities than these GS-13s.

14. While serving in her present position, and throughout her tenure as a GS-12 Program Analyst, Ms. Lee has repeatedly received an "Exceeds Fully Successful" rating and glowing reviews from her supervisors. She has also been the recipient of performance awards and letters of appreciation.

15. In 1999, Ms. Lee submitted a Declaration in a NAVSEA administrative investigation of same-sex sexual harassment charges filed by fellow employee Carolyn Bolling against their supervisor, Christine Chaikowski. Ms. Lee stated in her Declaration that Ms. Chaikowski had tried to kiss Ms. Lee once during the 1980's and had recently patted her bottom. Ms. Lee testified that she was aware that Ms. Chaikowski had engaged in similar conduct toward other female employees at NAVSEA.

16. Later, on December 3, 2002, Ms. Lee testified to these events in Ms. Bolling's EEOC hearing. On information and belief, Ms. Lee's second-line supervisor, Hercules Randolph, was fully aware of Ms. Lee's participation in Ms. Bolling's EEO case.

17. Ms. Lee put Mr. Randolph on notice that she was seeking a promotion to GS-13 when she spoke with him on April 30, 2004, and requested a promotion through accretion of duties because she was doing the same grade level work as her GS-13 fellow employees. Ms. Lee was denied a promotion to a GS-13 position despite her qualifications, experience, and fully successful performance.

18. On July 21, 2004, Mr. Randolph noncompetitively assigned younger, white employee Marivic Britton, who had no prior EEO activity, to a GS-13 Program Analyst position in the subject areas in which Ms. Lee had the greatest expertise. Mr. Randolph selected Ms. Britton from among the applicants for another position, for which he knew Ms. Lee had not applied. (Ms. Lee had chosen not to apply for the other GS-13 because she was less familiar with the subject matter.) Mr. Randolph intentionally retaliated and discriminated against Ms. Lee by denying her a chance to compete for the position at issue, for which he knew or should have known she was the best qualified candidate.

19. At about the same time, Mr. Randolph informed Ms. Lee that she could ask for a desk audit. However, he told her that that if she did and it turned out that she was performing at the higher GS-13 level, she still would not receive a promotion through accretion of duties. Instead, he would advertise her position and fill it competitively.

20.   After Ms. Lee instituted her current EEO complaint, she was humiliated at a staff meeting on April 14, 2005, when her white supervisor Donald Seibel publicly reprimanded her about alleged performance deficiencies and then stripped her of responsibility for the more prestigious countries that she had been assigned such as Australia, Egypt, and Korea.   Her countries were then given to a younger, less qualified, white employee with no previous EEO activity.

21.   Ms. Lee has also been subjected to reprisal for her current EEO complaint when she applied for the GS-13 position that Ms. Britton vacated only a few weeks after she was selected for it, which then was followed by selection of a less-qualified, white, male being selected for the GS-13 opening instead.   Ms. Lee has timely complained of these personnel actions and will amend her Complaint in the U.S. District Court to include them as soon as she has exhausted her administrative remedies at NAVSEA.

## CAUSES OF ACTION

### Count I

22.  Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Brenda J. Lee on the bases of reprisal by twice denying her a promotion to the position of GS-13 Program Analyst, in violation of its own personnel procedures and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e,

et seq.

## Count II

23. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Brenda J. Lee on the bases of race (African American) by twice denying her a promotion to the position of GS-13 Program Analyst, in violation of its own personnel procedures and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

## Count III

24. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Brenda J. Lee on the bases of her age (late 50's) by twice denying her a promotion to the position of GS-13 Program Analyst, in violation of its own personnel procedures and in violation of the Age Discrimination in Employment Act (as amended), 29 U.S.C. §§ 621 et seq.

## RELIEF REQUESTED

25. Plaintiff requests the following relief:

　　　a.　Immediate appointment of Plaintiff to the GS-13 position of Program Analyst in the Security Assistance Programs Division of NAVSEA, or an agreeable equivalent position, with the appointment being retroactive to the earliest date that discrimination is found.

b.  Full back pay, with interest, and back benefits from the date of Plaintiff's non-promotion to the date of judgment;

d.  Maximum compensatory damages to which Plaintiff is entitled after proof at trial;

e.  Appropriate record correction consistent with the facts of this case and the above-requested relief;

f.  An Injunction enjoining Defendant from discriminating against any employee, including Plaintiff, on the basis of reprisal, race, or age, with appropriate notices of the injunction posted NAVSEA, in Washington, D.C.;

F.  The reasonable attorney fees at prevailing market (<u>Laffey</u>) rates, costs, and expenses of this action; and

G.  Such other relief as the Court deems just and appropriate.

<u>**JURY TRIAL**</u>

26.  Plaintiff requests a trial by jury on all issues that are triable by jury.

 

 

_____

JOSEPH D. GEBHARDT
   (DC Bar No. 113894)
CHARLES W. DAY, JR.
   (DC Bar No. 459820)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

July 1, 2005                    Attorneys for Plaintiff


<u>LAW STUDENT ASSISTANT</u>:
Ena Marwaha