UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
BRENDA J. LEE,                        )
  2509 Southern Ave., # 301           )
  Temple Hills, MD 20748              )
                                      )
        Plaintiff,                    )
                                      )
        v.                            ) Civil No. 05-1335 RWR
                                      )
GORDON R. ENGLAND, Secretary,         )
United States Navy,                   )
  100 Navy Pentagon                   )
  Washington, D.C. 20530-1000,        )
                                      )
        Defendant.                    )
_____)
```

**ANSWER**

Defendant Gordon R. England, Secretary of the Navy, by his undersigned attorneys, answers the Complaint as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

In response to the numbered paragraphs of the Complaint, defendant admits, denies, or otherwise states as follows:

1.   This paragraph contains plaintiff's characterization of this action and conclusions of law as to which no answer is required.   To the extent an answer is deemed required, deny.

2.   Admit that plaintiff is a citizen of the U.S. and has been a GS-12 Program Analyst in the Naval Sea System Command

[NAVSEA] since October 21, 1990, and that she worked in NAVSEA's Security Assistance Program in June 2003, and aver that on that date the Office was realgined to the Office of International Programs, Warfare Systems Engineering Directorate.  Aver that plaintiff began working for the federal government in March 1970.  Admit that plaintiff resides at the address provided.  Deny that plaintiff is over 57 years of age and aver that as of this date plaintiff is 56 years old.  Admit that plaintiff is African American.

3.  Admit.

4.  This paragraph contains plaintiff's conclusions of law to which no response is required; if an answer is deemed required, denied.

5.  This paragraph contains plaintiff's conclusions of law to which no response is required; if an answer is deemed required, denied.

6.  This paragraph contains plaintiff's conclusions of law to which no response is required; if an answer is deemed required, denied.

7.  Admit that plaintiff initiated contact with the EEO Office at NAVSEA on August 3, 2004.  Admit that Marivic Britton was selected for the GS-13 vacancy in SEA 63IC1 on July 13, 2004, and that her promotion was effective July 25, 2004.

2

Admit that in July 2004, plaintiff spoke with Hercules Randolph about the possibility of a desk audit of her position being performed.  Admit that she was informed of her right to file a formal complaint by agency letter dated August 30, 2004. Admit that she filed her formal complaint (DON 04-00024-010) on September 13, 2004.  Admit that she was issued a letter on February 28, 2005, authorizing her to request an EEOC hearing and that she requested an EEOC hearing on March 22, 2005. Admit that the Complaint in this case was filed more than 180 days after the filing of her formal administrative complaint (DON 04-00024-010).

8.  Deny, except to admit that plaintiff has served as a GS-12 Program Analyst since October 21, 1990.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph, except to admit that plaintiff has received numerous cash awards during her service as a GS-12 Program Analyst.

9.  Admit that plaintiff began working for the Department of the Navy on March 23, 1970, and with NAVSEA beginning in July 1974.

10.  Deny, except to admit that plaintiff has served as a GS-12 Program Analyst in NAVSEA since October 21, 1990, working in NAVSEA's Security Assistance Program Division, now part of

the Office of International Programs, Warfare Systems
Engineering Directorate.  Admit that plaintiff is responsible
for the Security Assistance Program pre-case data development
in the Defense Security Assistance Management System for all
Letters of Offer and Acceptance, Price and Availability data,
case amendments and modifications, Foreign Military Sales input
and improvements.

11.  Admit that plaintiff is responsible for performing
the overall pre-case financial data development for all FMS
requests, case amendments and modifications for the countries
assigned to her.

12.  Admit that at the time Marivic Britton was selected
for the vacancy in SEA 63IC1, plaintiff had over 34 years of
service with the Navy and over 13 years of service as a GS-12
Program Analyst.  Admit that at the time of Britton's selection
for the position in question, plaintiff's most recent
performance rating was "Acceptable."  Deny that plaintiff was
denied the opportunity to be promoted to a GS-13 position and
deny that she was discriminated against in connection with this
selection decision.

13.  Deny that plaintiff has been performing the same
duties as Renee Dutton and Barbara Hall since 1998.  Admit that
Ms. Hall and Ms. Dutton are GS-13s and that they are paid more

than plaintiff, who is a GS-12.  Deny that plaintiff has been
responsible for more duties and responsibilities than Ms. Hall
and/or Ms. Dutton.

14.  Deny except to admit that while serving as a GS-12
Program Analyst plaintiff has received numerous performance
awards.

15.  Admit that in January 1999 plaintiff submitted an
unsworn statement in a NAVSEA management inquiry of same-sex
sexual harassment charges filed by a fellow employee, Carolyn
Bolling, against their supervisor, Christine Chaikowski.
Admit that in this January 1999 unsworn statement, plaintiff
said that Ms. Chaikowski had tried to kiss plaintiff once
during the 1980's and had recently patted her bottom.  Admit
that in this unsworn statement, plaintiff also said that other
female employees at NAVSEA had told her that Ms. Chaikowski had
engaged in similar conduct toward them.

16.  Admit that in December 2003, plaintiff testified at
Ms. Carolyn Bolling's EEOC hearing.  Admit that at the hearing,
plaintiff testified that Ms. Chaikowski had patted her bottom.
Deny that Mr. Hercules Randolph was plaintiff's second level
supervisor at any time and aver that he was her third level
supervisor at all times.  Admit that Mr. Randolph was aware of
plaintiff's participation in the hearing.

5

17. Admit that sometime in April or May 2004, plaintiff asked Mr. Randolph about an accretion of duties promotion. Deny that she was denied a promotion to a GS-13 position based on accretion of duties.

18. Admit that Marivic Britton is Caucasian and that she is younger than plaintiff, and that she has no prior EEO activity. Deny that Ms. Britton was noncompetitively assigned to the GS-13 position. Deny that Mr. Randolph knew that plaintiff had not applied for the first position (SEA 63IC2) and aver that Mr. Randolph did not know that plaintiff had not applied for this position until after the selection panel recommended Ms. Britton for the second position (SEA 63IC1). Admit that Mr. Randolph selected Ms. Britton from a competitive certificate issued by the Human Resources Service Center, Northwest (HRSC, NW) on May 19, 2004, for NW4-0343-GS13-K0269936-OC. Defendant lacks knowledge as to why plaintiff did not apply for the first position (SEA 63IC2). Deny that Mr. Randolph retaliated and discriminated against plaintiff or that he denied her the chance to compete for the SEA 63IC1 position or for any other position. Deny the last sentence.

19. Admit that sometime in July 2004, Mr. Randolph told plaintiff that she could request a desk audit of her position. Admit that he told her that if it turned out that she was

performing at the higher grade (GS-13) level, he would not promote her by accretion of duties because NAVSEA was not allowing accretion of duties promotions.  Aver that Mr. Randolph told plaintiff that he would do one of two things -- compete a position with the GS-13 level duties or take away the GS-13 level duties and assign them to other GS-13s.

20.  Deny, except to admit that effective May 2, 2005, plaintiff's supervisor, Donald Seibel, reassigned some of plaintiff's job responsibilities to Barbara Hall (African American), and Regina Graeve (Caucasian), both of whom are younger than plaintiff.

21.  Deny that plaintiff has been subject to reprisal on any occasion and specifically when she was not selected for the GS-13 position advertised under vacancy announcement number NW4-0343-GS13-K0304145.  Deny that she timely complained about this nonselection.

### CAUSES OF ACTION

#### Count I

22.  Deny.

#### Count II

23.  Deny.

Count III

24.  Deny.

The remainder of the Complaint consists of a prayer for relief, to which no response is required.  To the extent, however, that a response might be necessary, defendant denies that the plaintiff is entitled to any relief whatsoever, and also denies each and every allegation not previously admitted, denied, or otherwise qualified.  In particular, defendant denies that plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint.  However, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

8