```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

BRENDA J. LEE,                    )
                                  )
        Plaintiff,                )
                                  )
    v.                            ) Civil Action No. 05-01335 (RWR)
                                  )
GORDON R. ENGLAND                 )
SECRETARY OF THE NAVY,            )
                                  )
        Defendant.                )
                                  )
```

## JOINT MEET AND CONFER STATEMENT

Pursuant to Rule 16.3 of the Local Rules, counsel for Plaintiff Brenda J. Lee and Defendant Gordon R. England conferred by telephone on December 28, 2006; and as a consequence of this conference, the parties, by and through their undersigned counsel, hereby file this Joint Statement and report as follows:

**Plaintiff's Statement of Facts and Legal Basis:**

Defendant unlawfully discriminated against Plaintiff Brenda J. Lee in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., and Plaintiff seeks relief pursuant to Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the ADEA on the bases of reprisal, race (African American), and her age (late 50's) by denying her a promotion to the position of GS-13 Program Analyst.

At the time of the non-selection to GS-13 at issue in this

Complaint, Ms. Lee had over 34 years of professional experience with the Navy and over 13 years of dedicated service as a GS-12 Program Analyst.

In 1999, Ms. Lee submitted a Declaration in a NAVSEA administrative investigation, and in 2002, testified at an EEOC hearing of same-sex sexual harassment charges against her former supervisor.  On information and belief, Ms. Lee's second-line supervisor, Hercules Randolph, was fully aware of Ms. Lee's participation in this EEO case.

On July 21, 2004, knowing that Ms. Lee was seeking a promotion, Mr. Randolph noncompetitively assigned a younger, less-qualified, white employee, who had no prior EEO activity, to a GS-13 Program Analyst position in the subject areas in which Ms. Lee had the greatest expertise. Mr. Randolph selected Ms. Britton from among the applicants for another position, for which he knew Ms. Lee had not applied.  (Ms. Lee had chosen not to apply for the other GS-13 because she was less familiar with the subject matter.) Mr. Randolph intentionally retaliated and discriminated against Ms. Lee by denying her a chance to compete for the position at issue, for which he knew or should have known she was the best qualified candidate.

Ms. Lee has additional issues pending in the administrative process and intends to seek leave to amend her Complaint when she has exhausted her administrative remedies.

**Defendant's Statement of Facts and Legal Basis:**

Plaintiff's allegations that Defendant discriminated against her and retaliated against her in violation of Title VII and the ADEA are without merit. The selection of Marivic Britton for the position of GS-13 Program Analyst was the result of an evaluation of candidates by a selection panel, which rated Ms. Britton the highest of the candidates. Plaintiff could not have been considered for this position because she was not on the certificate of eligibles for the position. Contrary to her claim, she was never denied the opportunity to be considered for this position. Rather, she failed to take the steps necessary for her to be considered for this GS-13 position, as she never submitted her resume to the Navy's computerized system from which candidates for consideration for this position were drawn. This was despite the fact that the Navy had advised all employees that they should submit their resumes to the Navy's computerized system for creating, updating and submitting resumes, and Plaintiff had received training regarding this system.

Accordingly, Plaintiff was never denied an opportunity to compete for the position at issue.

(1) **Dispositive Motions.** Plaintiff does not believe this case can be resolved by dispositive motion. Defendant intends to seek a 30-day stay of discovery to file a dispositive motion. Plaintiff believes that a stay of discovery for a

       dispositive motion at this juncture is inappropriate in light of the fact that Defendant chose to file an Answer to the Complaint.  If Defendant files an early dispositive Motion, Plaintiff requests discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.  Defendant believes that such a request is premature.

(2)   (a) **Joining Additional Parties or Amending Pleadings.** Neither party anticipates joining additional parties. Plaintiff has a similar and related EEO case pending; Agency Case No. DON 05-00024-01542: formal complaint filed August 1, 2005.  Plaintiff intends to seek leave to amend or consolidate her District Court Complaint to include these claims on January 30, 2006, 180 days after filing her formal EEO administrative complaint pursuant to 29 C.F.R. § 1614.407(b).  Defendant reserves the right to address the issue at the appropriate time.

     (b) **Agreement as to Factual and Legal Issues.**  Plaintiff does not believe the legal or factual issues can be narrowed at this time. Defendant believes they can be narrowed through a dispositive motion.

(3)  **Assignment to Magistrate Judge.**  Neither party agrees to have this case referred to a Magistrate Judge for all purposes.

(4)  **Prospects of Settlement.**  Plaintiff is willing to discuss settlement. Defendant believes that settlement talks are

premature.

(5) **Alternate Dispute Resolution (ADR).** The parties have discussed ADR with their clients. Plaintiff would prefer that this case be referred to a Magistrate Judge for settlement discussions. Defendant believes that such a referral is premature at this time but if or when the case is referred to mediation, Defendant agrees to mediation using this Court's mediation program or a Magistrate Judge.

(6) **Resolution by Dispositive Motions.** Plaintiff does not believe this case can be resolved by dispositive motion; Defendant believes it can. The parties agree that, aside from any early dispositive motion filed by Defendant, any post-discovery dispositive motions should be filed within 30 days after the close of discovery, that oppositions or cross-motions be filed 30 days thereafter, and that any replies be filed 20 days after the filing of the oppositions or cross-motions.

(7) **Initial Disclosures.** The parties have agreed to exchange Initial Disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure within 30 days of the commencement of discovery.

(8) **Limitations on Discovery.**
    (a) **Number of Interrogatories.** As provided by the Federal Rules of Civil Procedure.
    (b) **Number of Depositions.** As provided by the Federal

    Rules of Civil Procedure, although Defendant reserves the right to move to limit the number of depositions.

  **(c) Duration of Depositions.** As provided by the Federal Rules of Civil Procedure.

  **(d) Need for Protective Order.** The parties may submit an appropriate Protective Order to protect sensitive personal and/or medical information that may be exchanged.

  **(e) Date for Completion of Discovery.** The parties believe that a total of one hundred fifty (150) days of discovery is in order, which should include discovery on any issues including damages, liability, and any expert discovery.

**(9) Exchange of Expert Witness Information.** If expert witnesses are required, the parties have agreed to exchange expert witness reports and information as soon as practicable but no later than sixty (60) days after discovery commences.

  **(a) Proponent's Disclosures:** Sixty (60) days after discovery commences.

  **(b) Opponent's Disclosures:** One hundred five (105) days after discovery commences.

**(10) Class Action Procedures.** Not applicable.

**(11) Bifurcation of Trial and/or Discovery.** Neither party believes that either the trial or discovery should be

bifurcated.

**(12)**    **Date for Pretrial Conference.** The parties request that the Court set a pretrial conference for approximately 60 days after the conclusion of discovery or issuance of a ruling on any dispositive motion, if any.

**(13)**    **Trial Date.** The parties request that a trial date be set at the pretrial conference.

**(14)**    **Other Issues.** The parties are not aware of any other issues that would be appropriate for inclusion in a Scheduling Order.

Respectfully submitted,

| | |
|---|---|
| /s/<br>JOSEPH D. GEBHARDT<br>    (D.C. Bar No. 113894)<br>CHARLES W. DAY, JR.<br>    (D.C. Bar No. 459820)<br>REBECCA M. HAMBURG<br>    (Admission pending)<br>GEBHARDT & ASSOCIATES, LLP<br>1101 17th Street, N.W.<br>Suite 807<br>Washington, DC 20036-4716<br>(202) 496-0400<br><br>Attorneys for Plaintiff | /s/<br>KENNETH L. WAINSTEIN<br>    (D.C. Bar No. 451058)<br>United States Attorney<br><br>/s/<br>R. CRAIG LAWRENCE<br>    (D.C. Bar No. 171538)<br>Assistant United States Attorney<br><br>/s/<br>MARINA UTGOFF BRASWELL<br>    (D.C. Bar No. 416587)<br>Assistant United States Attorney<br>United States Attorney's Office<br>Civil Division<br>555 4th Street, N.W.,<br>Washington, DC 20530<br>(202) 514-7226<br><br>Attorneys for Defendant |