UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDA J. LEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil No. 05-1335 RWR |
| | ) |
| GORDON R. ENGLAND, Secretary, | ) |
| United States Navy, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

In this case alleging unlawful discrimination based on race and age, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq.,, and for alleged retaliation, plaintiff has moved for leave to file an Amended Complaint. Defendant opposes plaintiff's attempt to amend her Complaint because amending the pleading would be a futile act.

PROCEDURAL BACKGROUND

Plaintiff filed suit in this case on July 1, 2005, but did not serve defendant until August 29, 2005. Defendant answered the Complaint on October 28, 2005. The Scheduling Conference was held on January 6, 2006. On February 6, 2006, plaintiff moved for leave to file an Amended Complaint, seeking to raise two

additional claims.

The Amended Complaint alleges race and age discrimination, as well as reprisal for prior EEO activity, when plaintiff was twice denied a promotion to a GS-13 Program Analyst position, when her supervisor allegedly publicly stated that her performance was deficient, and when certain work-intensive projects allegedly were reassigned to co-workers.  Amended Complaint, ¶ 1.  The only **new** claims raised by plaintiff concern the reassignment of job duties and her claim of hostile work environment.[1]  Id. at ¶¶ 23-26.  The incidents comprising the alleged hostile work environment include the alleged public humiliation of plaintiff during a staff meeting and her supervisor's decision to reassign some of her job duties to co-workers.  Id. at ¶ 26.

ARGUMENT

I.   Standards for a Motion to Amend Complaint

Fed. R. Civ. P. 15 provides in pertinent part the following:

> **(a) Amendments.**  A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after

---

[1] Although plaintiff refers in her motion to amend to a non-promotion, the non-promotion referred to is the one contained in paragraph 22 of the Amended Complaint, which plaintiff alleges is not being brought as a claim in the case.  Id.; see Exh. 1, attached.

it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The grant or denial of a motion to amend pursuant to Rule 15(a) is committed to the sound discretion of the district court. See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court of Appeals for this Circuit has held that denial of leave to amend is not an abuse of discretion in the face of sufficiently compelling reasons, such as "undue delay, bad faith, or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments [or] futility of amendment." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (emphasis added); see also National Wrestling Coaches Ass'n v. Department of Education, 366 F.3d 930, 945 (D.C. Cir. 2004); Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C. Cir. 1996); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996). An amendment is considered a "futile gesture" if it could not survive a dispositive motion. James Madison Ltd., 82 F.3d at 1099; Atchison v. District of Columbia, 73 F.3d 418, 425-26 (D.C. Cir. 1996).

    II.  Allowing Plaintiff to File Her Amended
         Complaint Would be a Futile Act.

Plaintiff's Motion for Leave to File an Amended Complaint attempts to add two new claims to the original Complaint: 1) reassignment of her work responsibilities on

two countries, and temporarily her work on a third country, to co-workers who were either of a different race, younger, and/or had no prior EEO activity; and 2) hostile work environment.  The addition of either of these claims, however, would be futile because, based on the facts alleged in the Amended Complaint, plaintiff has failed to state a claim of adverse personnel action or hostile work environment.

> A. Plaintiff Has Failed to State A Claim of Adverse Personnel Action Regarding Her Work Assignments.

In order to prevail in a case pursuant to Title VII or the ADEA, a plaintiff must initially establish at least a prima facie case of prohibited discrimination or retaliation.  McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (en banc) ("under the McDonnell Douglas framework, the complainant must first establish a prima facie case").  As a general matter, to establish a prima facie case of disparate treatment discrimination, a plaintiff must demonstrate by a preponderance of the evidence that: (1) she is a member of a protected group, (2) she suffered from an adverse personnel action; and (3) the unfavorable action gives rise to an inference of discrimination.  Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir. 1999).   For

retaliation claims, the plaintiff must demonstrate that (1) she engaged in statutorily protected activity, (2) that the employer took an adverse personnel action, and (3) that a causal connection existed between the two. Morgan v. Federal Home Loan Mortgage Corp., 329 F.3d 647, 651 (D.C. Cir. 2003); Cones v. Shalala, 199 F.3d 512, 520-21 (D.C. Cir. 2000); Brown v. Brody, 199 F.2d at 452-53; Mitchell v. Baldrige, 759 F.2d 80, 84 (D.C. Cir. 1985). It is undisputed that the plaintiff bears the burden of establishing a prima facie case of discrimination and retaliation. Morgan v. Federal Home Loan Mortgage Corp., 329 F.3d at 651.

Thus, to establish either discrimination or retaliation, plaintiff must demonstrate, among other things, that an adverse personnel action took place. Russell v. Principi, 257 F.3d 815 (D.C. Cir. 2001); Freedman v. MCI Telecommunications Corp., 255 F.3d 840, 843 (D.C. Cir. 2001). See also, Mitchell v. Baldridge, 759 F.2d at 84. The law of this Circuit makes clear that to state a claim for an adverse personnel action, a plaintiff must demonstrate that she suffered "materially adverse consequences affecting the terms, conditions, or privileges of [her] employment . . . . such that a reasonable trier of fact could conclude that [he] has suffered objectively tangible harm." Brown v. Brody, 199 F.3d at 457. Plaintiff cannot make the requisite showing with respect to her work assignments.

5

In this Circuit "minor changes in work-related duties or opportunities do not constitute actionable injury unless they are accompanied by some other adverse change in the terms, conditions or privileges of employment. Stewart v. Evans, 275 F.3d 1126, 1135 (D.C. Cir. 2002). "'Mere inconveniences and alteration of job responsibilities will not rise to the level of adverse action.'" Id. at 1135, quoting Childers v. Slater, 44 F. Supp.2d at 19.

The Court of Appeals in Stewart concluded that the removal of the plaintiff from a selection panel choosing a high level agency official did not rise to the level of an adverse action because there was no change in the plaintiff's job position, grade, pay or benefits. Id., 275 F.3d at 1135. Similarly in Forkkio v. Powell, 306 F.2d 1127, 1131 (D.C. Cir. 2002), the Court of Appeals held that a change in work duties that involves no loss of supervisory responsibilities but results in the plaintiff no longer attending management meetings or receiving management-related emails and other communications did not amount to a "significant change" in job responsibilities.

Indeed, in Freedman v. MCI Telecommunications Corp., 255 F.3d 840 (D.C. Cir. 2001), the Court of Appeals for this Circuit held that:

Quite simply, a temporary assignment to a less desirable task

> does not create liability under Title VII unless it results in a diminution of pay or benefits or affects such things as future employment opportunities **"such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm."** Brown, 199 F.3d at 457.

Id. at 848 (emphasis in original).

Similarly here, plaintiff had no "significant" change in job assignments. In the Amended Complaint plaintiff alleges that she was temporarily relieved of her responsibility to handle issues pertaining to Egypt, one of the countries with the greatest workload for her. Amended Complaint, ¶ 21. Clearly the temporary reassignment of responsibilities for Egypt to another worker does not rise to the level of a significant change in work responsibilities. Freedman v. MCI Telecommunications Corp., 255 F.3d at 848.

Plaintiff also alleges that responsibilities for two other countries -- Australia and Korea -- were reassigned to co-workers. As to responsibilities for Australia and Korea, plaintiff merely alleges that these two countries, along with Egypt, involved the "greatest workload." Amended Complaint, ¶ 21. Indeed, work that constitutes the "greatest workload" is not necessarily work that involves the most significant responsibilities. Moreover, although plaintiff alleges that the "practical effect of the reassignment . . . was to leave her with virtually no work to do," Amended Complaint, ¶ 21, plaintiff concedes in her Amended

Complaint that she is responsible for work associated with Egypt, which she identifies as part of her "greatest workload." Id. & n.1.  Clearly, if she is responsible for work concerning Egypt, she is not faced with "no work to do."

Plaintiff alleges no other present "harm" to the terms and conditions of her employment.  For example, she does not claim that she suffered any loss of promotional opportunities as a direct result of the redistribution of duties.  Nor does plaintiff allege that she was deprived of any performance awards because of the redistribution of duties.  In fact, the only harm that plaintiff alleges is a future harm --- i.e., she believes that she will be disadvantaged when the Navy's new performance-based pay system comes into affect because the new system will link her assigned work to her compensation.  Amended Complaint, ¶ 21. This claimed harm is purely speculative and dependent upon a future event.  As such, it cannot serve as the basis for finding the allegation of a present "adverse employment action."

Accordingly, plaintiff has failed to allege the existence of an adverse employment action with respect to her job assignments. Weigert v. Georgetown Univ., 120 F. Supp.2d 1, 19 (D.D.C. 2000) (arguably less desirable assignment not an adverse action where no evidence of demotion, less substantial assignments, or reassignment affecting terms and conditions of employment).

The Court of Appeals in Brown made clear that "[m]ere idiosyncracies of personal preference are not sufficient to state an injury." Id., 199 F.3d at 457. As the Seventh Circuit has emphasized, "not everything that makes an employee unhappy is an actionable adverse action," Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996). See also Lester v. Natsiois, 290 F. Supp.2d 11, 29 (D.D.C. 2003) (undesirable work assignments do not rise to the level of adverse employment actions; "changes in responsibilities are not adverse employment actions, but rather constitute only the 'ordinary tribulations of the workplace' which employees should expect"); accord Mack v. Strauss, 134 F. Supp.2d 103, 113 (D.D.C. 2001), aff'd 2001 WL 1286263 (D.C. Cir. Sept. 28, 2001) (increased workload not actionable when not accompanied by adverse changes in terms, conditions, or privileges of employment).

Because plaintiff's claims concerning her work assignments do not constitute an action that affected the terms of her employment in any tangible, objective way, they are not actionable. Accordingly, to allow plaintiff to amend her Complaint to add such claims would be a futile act, as they would be subject to dismissal.

B.  Plaintiff's Amended Complaint Fails to
State a Claim for Hostile Work Environment.

With respect to a hostile work environment claim, the Supreme Court has held that Title VII is violated when "discriminatory conduct [is] so severe or pervasive that it create[s] a work environment abusive to employees because of their race, gender, religion or national origin."  Harris v. Forklift Sys. Inc., 510 U.S. 17, 22 (1993).  The Court of Appeals for this Circuit has held that:

> Not all abusive behavior, even when it is motivated by discriminatory animus, is actionable.  Rather, a work-place environment becomes "hostile" for the purposes of Title VII only when offensive conduct 'permeate[s] [the workplace] with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'

Barbour v. Browner, 181 F.3d 1342, 1347-48 (D.C. Cir. 1999) (citing Oncale v. Sundowner Offshore Servs., Inc., 118 S. Ct. 998, 1001 (1998)).

Conduct that is uncooperative and unfriendly is considered "'the ordinary tribulations of the workplace,'" and does not rise to the level of a hostile work environment.  Barbour, 181 F.3d at 1349, quoting Faragher v. City of Boca Ratan, 118 S. Ct. 2275 (1998).  Rather, to state a claim for harassment under Title VII, a plaintiff must allege that the harassment was pervasive or severe enough to alter the terms, conditions or privileges of

10

employment.  See Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67, 91 (1986).

In determining whether harassment rises to this level, courts should consider the frequency of the harassing conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with an employee's work performance.  Harris v. Forklift Sys., Inc., 510 U.S. at 21-23; see Gustave-Schmidt v. Chao, 360 F. Supp. 2d 105 (D.D.C. 2004).  The plaintiff must show "more than a few isolated incidents" of enmity based on her protected class.  See Hicks v. Gates Rubber Co., 833 F.2d 1406, 1417-18 (10th Cir. 1987).  Instead of sporadic slurs aimed at one's protected class, there must be a consistent barrage of opprobrious comments.  Id. at 1412-13, citing Johnson v. Bunny Bread Co., 646 F.2d 1250, 1257 (8th Cir. 1981).  Similarly, the Court of Appeals for this Circuit has stated that "casual or isolated manifestations of a discriminatory environment, such as a few ethnic or racial slurs, may not raise a cause of action under Title VII."  Bundy v. Jackson, 641 F.2d 934, 943 (D.C. Cir. 1981).

Plaintiff's allegations of hostile work environment in her Amended Complaint are the following: (a) her white supervisor publicly stated in a staff meeting that her performance was deficient; and (b) her white supervisor reassigned her major

11

countries of Australia, Korean and Egypt to co-workers with no prior EEO activity known to plaintiff who were either white or substantially younger than plaintiff.  Amended Complaint, ¶ 26.  Plaintiff appears to add this claim of hostile work environment, recognizing that the re-distribution of duties, standing alone, does not constitute an "adverse employment action."  Nonetheless, even when the re-distribution of duties is viewed in conjunction with the alleged "public humiliation" of plaintiff, there is no actionable "hostile work environment."

As stated above, a workplace environment becomes hostile for the purposes of Title VII only when offensive conduct 'permeates [the workplace] with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" Barbour v. Browner, 181 F.3d. at 1347-48.  Plaintiff's allegations plainly fail to meet the threshold for establishing severe or pervasive conduct.  Rather, plaintiff alleges a one-time humiliating comment by a supervisor regarding her work performance, accompanied by a single re-distribution of some of her job duties.  No reasonable juror could conclude that the actions alleged (even if proven true) were sufficiently severe or pervasive to alter the conditions of plaintiff's employment.

12

Thus, the claim of hostile work environment would be subject to dismissal and therefore should not be permitted to be raised in an Amended Complaint.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny Plaintiff's Motion for Leave to File an Amended Complaint.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

BRENDA J. LEE,                      )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )  Civil No. 05-1335 RWR
                                    )
GORDON R. ENGLAND, Secretary,       )
United States Navy,                 )
                                    )
        Defendant.                  )
_____)
```

**ORDER**

UPON CONSIDERATION of the Plaintiff's Motion for Leave to File an Amended Complaint, defendant's responding opposition, and the entire record herein, it is this _____ day of_____, 2006 hereby

ORDERED that the plaintiff's motion is denied under Federal Rule of Civil Procedure 15(a) because amendment of the Complaint would constitute a futile act.

_____
UNITED STATES DISTRICT JUDGE

Marina Utgoff Braswell
Assistant U.S. Attorney
Judiciary Center Bldg.
555 4th St., N.W.
Washington, D.C. 20530
202-514-7226
202-514-8780 fax

Counsel for Defendant

Joseph D. Gebhardt, Esq.
Charles W. Day, Esq.
Gebhardt & Associates, LLP
1101 17th St., N.W.
Suite 807
Washington, D.C. 20036-4716

Counsel for Plaintiff