```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

| | |
|---|---|
| BRENDA J. LEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  v. | ) Civil Action No. 05-01335 (RWR) |
| | ) |
| GORDON R. ENGLAND | ) |
| SECRETARY OF THE NAVY, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Plaintiff Brenda J. Lee, by and through undersigned counsel, hereby replies to Defendant's Opposition to Plaintiff's Motion for Leave to Amend her Complaint and in support of her Reply states as follows:

The Federal Rules of Civil Procedure provide that when the plaintiff seeks to amend her Complaint, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This Court has recognized that pursuant to Rule 15(a), a plaintiff "ought to be afforded an opportunity to test his claim on the merits." <u>Stanford v. Potomac Electric Power Co.</u>, 394 F. Supp. 2d 81, 88 (D.D.C. 2005)(quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)). In <u>Stanford</u>, the Court stated that the question of whether to grant leave to amend would be addressed separately from decision of a motion to dismiss.  <u>See</u> <u>id</u>. at 88 n.9.

In this case, Plaintiff seeks to amend her Complaint to add claims that she was subjected to an adverse action when her job

duties were largely eliminated, and that she was subjected to a hostile work environment because of the elimination of her job duties coupled with her supervisor's public humiliation of her at a staff meeting in April 2005. See First Amended Complaint ¶ 21.

In what amounts to a preemptive motion to dismiss, Defendant now opposes the amendment of Plaintiff's Complaint on the asserted grounds that the amendment is futile. As a matter of law, however, Ms. Lee should be allowed to amend her Complaint because she has suffered materially adverse consequences on the job and thus the amendment is not futile. Defendant may then properly contest the allegations of the Amended Complaint in its Answer. See id.  The D.C. Circuit has recently held that "Title VII makes unlawful any act of retaliation by an employer that well might dissuade a reasonable employee from making or supporting a charge of discrimination pursuant to Title VII." Rochon v. Gonzales, No. 04-5278 (D.C. Cir. February 28, 2006) at 16.  In so holding, the Court stated that in order for a retaliatory act to be actionable, it must have "materially adverse consequences." Id. at 14 (citing Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999))[1].

---

[1] The Court suggested that a decision by the IRS to submit an employee to a tax audit would be a materially adverse consequence, whereas the failure of the Postal Service to deliver a letter to the correct address would not. See Rochon at 13-14.  We suggest that Defendant's action in this case is more like the former, in intent and effect, than the latter.

Plaintiff's allegation in her Amended Complaint that her supervisors reassigned her major countries to other employees is not simply a matter of reallocation of the workload. Ms. Lee had already agreed to a reallocation of a number of her countries in order to balance the unit's workload through a voluntary process approved by her supervisor. See Formal Complaint of Brenda J. Lee, copy attached as Exhibit 1. Subsequently, that same supervisor unilaterally reassigned the three major countries that made up almost the entirety of Ms. Lee's workload, effectively leaving her with no work to do.[2] Such a reduction in Ms. Lee's workload is particularly ominous in light of Defendant's proposed new pay-for-performance personnel system, in which Ms. Lee's pay and ultimately her job would be directly tied to her assigned workload. See, e.g. Department of the Navy National Security Personnel System, located at http://www.donhr.navy.mil/NSPS/default.asp (last accessed March 6, 2006).

Plaintiff's allegations in her Amended Complaint are likely to survive any motion to dismiss. In deciding such a motion, Plaintiff's allegations would be accepted as true for purposes of the motion. See Scolaro v. D.C. Bd. of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see also Scott v. England,

---

[2] Plaintiff has asked Defendant to stipulate that the reduction in Ms. Lee's workload will have no adverse effect on her performance rating for the July 2005 to June 2006 rating period. To date, Defendant has not accepted Plaintiff's proposed stipulation.

264 F. Supp. 2d 5, 6 (D.D.C. 2002) (Court must accept all of the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor); Alliance for Democracy v. Fed. Election Comm'n, 362 F. Supp. 2d 138, 141 (D.D.C. 2005). It must also "resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." Phoenix Consulting, Inc. v. Angl., 216 F.3d 36, 40 (D.C. Cir. 2000).

Because Ms. Lee has stated facts which, if proven, have materially adverse consequences and would be sufficient to dissuade an employee from filing or supporting a charge of discrimination, the allegations in her Amended Complaint are likely to survive a motion to dismiss from the Defendant and be allowed to be "tested on the merits."

### Hostile Work Environment

Since her original testimony in Carolyn Bolling's sexual harassment case, followed by her own administrative complaints of discrimination on February 3, 2003 and September 13, 2004, Ms. Lee has been subjected to an increasingly hostile work environment at NAVSEA. To demonstrate that she has been subjected to a hostile work environment, Ms. Lee must show that the actions taken against her are "severe or pervasive." See, e.g., Burlington Industries v. Ellerth, 524 U.S. 742, 753-54 (1998). The Agency's taking away Ms. Lee's major countries clearly has a more profound effect than at first meets the eye,

once one takes into account the fact that Ms. Lee was left with virtually no work to do from April 14, 2005 to December 22, 2005, and even now has recently been restored only a portion of her former workload.  <u>See</u> First Amended Complaint § 21.

Since the elimination of the better part of her workload and her public humiliation at a staff meeting in April 2005, Ms. Lee has been subjected to further acts of hostility in the form of (A) denial of 22 hours of leave from February 15 to February 17, 2006, even though she had annual leave available, and (B) issuance of a letter of caution on February 11, 2006.  Ms. Lee has filed a timely informal EEO complaint with the Agency over both of these issues, charging a continuation of the hostile work environment to which she has been subjected.  <u>See</u> Exhibit 2 attached.[3]

For all these reasons, Plaintiff's Motion for Leave to Amend her Complaint should be granted.

---

[3] Forty-five (45) days from January 11, 2006 is Saturday, February 25, 2006.  Since the 45th day falls on a weekend, an administrative complaint the following Monday, February 27, 2006, is timely.  <u>See</u> 29 C.F.R. § 1614.604(d).

Respectfully submitted,

_____/s/_____
JOSEPH D. GEBHARDT
(D.C. Bar No. 113894)
CHARLES W. DAY, JR.
(D.C. Bar No. 459820)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

March 6, 2006                    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Leave to Amend was served this 6th day of March, 2006, via Electronic Case Filing through the Court, upon counsel for Defendant as follows:

> Marina Utgoff Braswell, Esq.
> Assistant United States Attorney
> United States Attorney's Office - Civil Division
> 555 4th Street, N.W.
> Washington, DC 20530

_____/s/_____
CHARLES W. DAY, JR.