UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
BRENDA J. LEE,                )
                              )
          Plaintiff,          )
                              )
     v.                       )        Civil Action No. 05-1335 (RWR)
                              )
DONALD C. WINTER,             )
                              )
          Defendant.          )
_____)
```

MEMORANDUM OPINION AND ORDER

Plaintiff Brenda Lee sued the Secretary of the Navy[1],
alleging claims for retaliation and discriminatory non-selection.
Lee moved for leave to amend her complaint after the Navy
answered in order to add an additional claim of retaliation and a
claim of hostile work environment.  The Navy opposed the motion.
Because the Navy has not shown that allowing Lee to plead her
additional claims would be futile, Lee's motion to amend her
complaint will be granted.

BACKGROUND

According to the complaint, Lee is an African-American over
the age of fifty-seven and a GS-12 Program Analyst in the Naval
Sea Command's Security Assistance Programs Division at the
Washington Navy Yard in the District of Columbia.  Lee began

---

[1] Donald C. Winter, sworn in as the Secretary of the Navy on
January 3, 2006, will be substituted as the defendant for former
Secretary Gordon R. England.  See Fed. R. Civ. P. 25(d)(1).

-2-

working with the Navy in 1969 and has served in her current
position since 1991.  Throughout her tenure, Lee has received
strong performance reviews from her supervisors and, despite
being a GS-12 employee, has been performing the same duties as,
or more duties than, certain GS-13 employees.  In 1999, in a Navy
administrative investigation concerning sexual harassment
allegations made by a co-worker against a supervisor, Lee
submitted a declaration unfavorable to that supervisor.  In 2002,
Lee provided testimony that mirrored her declaration at an EEOC
hearing regarding the allegations of her co-worker.  Shortly
thereafter, Hercules Randolph, Lee's second-line supervisor,
"noncompetitively assigned [a] younger, white employee . . . who
had no prior EEO activity, to a GS-13 Program Analyst position in
the subject areas in which Ms. Lee had the greatest expertise."
(Compl. ¶ 18.)  Randolph also informed Lee that if she was
performing duties of a GS-13, he would fill her position
competitively rather than extend her a promotion through
accretion of duties.  Lee timely contacted the Navy's equal
employment opportunity office regarding these incidents and
eventually filed suit against the Navy alleging claims of
retaliatory and discriminatory non-selection.

Lee now seeks to amend her complaint, alleging additional
claims of retaliation and hostile work environment.
Specifically, Lee alleges that after she filed her administrative
complaint alleging discriminatory non-selection her supervisor,

-3-

Donald Seibel, "publicly reprimanded her about alleged
performance deficiencies and then stripped her of
responsibilities for the countries with the greatest workload
that she had been assigned: Australia, Egypt, and Korea."  (Am.
Compl. ¶ 21.)  The reassignment of her duties left Lee with
"virtually no work to do, an effect which will be compounded as
the Navy institutes a performance-based pay system, currently
scheduled to be implemented in May 2006, and Ms. Lee's assigned
work is tied directly to her compensation."  (Id.)

    Based on these facts, Lee moves to amend her complaint to
add a claim of retaliatory reassignment of work duties and a
claim of hostile work environment based on her public reprimand
and reassignment of work duties.  The Navy opposes the motion,
arguing that adding these claims would be futile.

                          DISCUSSION

    Federal Rule of Civil Procedure 15(a) permits a plaintiff to
amendment her complaint after an answer has been filed "only by
leave of court or by written consent of the adverse party; and
leave shall be freely given when justice so requires."  Fed. R.
Civ. P. 15(a).  "If the underlying facts or circumstances relied
upon by a plaintiff may be a proper subject of relief, he ought
to be afforded an opportunity to test his claim on the merits."
Foman v. Davis, 371 U.S. 178, 182 (1962).  However, leave to
amend a complaint may be denied if the amendment would be futile,
see id., and an amendment is futile "if the proposed claim would

-4-

not survive a motion to dismiss." James Madison Ltd. v. Ludwig,
82 F.3d 1085, 1099 (D.C. Cir. 1996).  A claim will not survive a
motion to dismiss only if "it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief." Kingman Park Civic Ass'n v.
Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (quoting Conley v.
Gibson, 355 U.S. 41, 45-46 (1957)).  The decision to grant or
deny leave to amend is committed to the sound discretion of the
district court. Foman, 371 U.S. at 182; James Madison, 82 F.3d
at 1099.

I.   RETALIATION CLAIM

     To state a claim of retaliation under Title VII, a plaintiff
must show (1) that she engaged in statutorily protected activity;
(2) that the employer took materially adverse action such that
the action "could well dissuade a reasonable [employee] from
making or supporting a charge of discrimination"; and (3) that a
causal connection existed between the protected activity and the
employer action. Burlington N. & Santa Fe Ry. Co. v. White, No.
05-259, 2006 WL 1698953, at *3 (U.S. June 22, 2006); Broderick v.
Donaldson, 437 F.3d 1226, 1231-32 (D.C. Cir. 2006).

     Lee's amended complaint alleges that the Navy reassigned her
major work responsibilities in retaliation for her statement and
testimony against a supervisor in a sexual harassment
investigation.  This alleged retaliation left Lee with virtually
no work to do as the Navy implemented a performance-based

-5-

compensation structure.  The Navy argues that adding this claim
would be futile because a materially adverse action necessary to
state a claim of retaliation is typically an ultimate employment
decision -- such as hiring, discharging, promoting, and
compensating -- or an action with materially adverse consequences
affecting the terms, conditions, or privileges of employment, and
Lee's allegation does not amount to such an action.  (See Def.'s
Opp'n at 4-9.)

   The Navy's argument misapprehends the standard for
actionable adverse actions in retaliation claims.  In White, the
Supreme Court held that a materially adverse action for a
retaliation claim is one that would dissuade a reasonable
employee from bringing discrimination charges, and that requiring
an employee to perform more arduous duties rather than easier or
more agreeable duties was just such an action.  White, 2006 WL
1698953, at *10, *12.  If insisting that an employee spend more
time performing more arduous work would discourage a reasonable
employee from bringing discrimination charges, surely
jeopardizing an employee's compensation by substantially
assigning away her work duties would similarly discourage a
reasonable employee.  The Navy's allegedly retaliatory
reassignment of work duties and the corresponding threat of
reduced compensation are not "petty slights, minor annoyances,
[or] simple lack of good manners[,]" but rather constitute a
materially adverse action that will support a claim of

-6-

retaliation under Title VII.  Id. at *10.  Therefore, allowing

Lee to plead her additional retaliation claim would not be

futile.

II.  HOSTILE WORK ENVIRONMENT CLAIM

    "A hostile work environment exists when workplace conditions

are so suffused with discriminatory intimidation, ridicule and

insult of such severity or pervasiveness as to alter the

conditions of the victim's employment and create an abusive

working environment.  To make out such a claim, it is not enough

to merely show harassment, for Title VII does not prohibit all

forms of workplace harassment, only those directed at

discrimination because of sex, race, religion, or national

origin.  Moreover, casual or isolated manifestations of a

discriminatory environment may not raise a cause of action."

Hussain v. Principi, 344 F. Supp. 2d 86, 107 (D.D.C. 2004)

(internal quotation marks, brackets and citations omitted).  In

order to survive a motion to dismiss, "[a] plaintiff need only

state a causal connection between his [protected status] and his

hostile work environment claim."  Stanford v. Potomac Elec. Power

Co., Civil Action No. 04-1461 (RBW), 2006 WL 1722329, at *5

(D.D.C. June 21, 2006).

    Lee charges that the Navy "unlawfully discriminated against

[her] on the bases of EEO reprisal, race, and age when it

subjected her to a hostile work environment."  (Am. Compl. ¶ 26.)

-7-

The amended complaint specifically identifies the following incidents as creating a hostile work environment: (1) Lee's white supervisor publicly humiliating Lee at a staff meeting, (2) the same supervisor reassigning Lee's work to other employees, and (3) each of the incidents of discrimination alleged earlier in the complaint. (See id.)  The Navy contends that addition of this claim would be futile because the conduct alleged by Lee is insufficient to constitute a hostile work environment. (See Def.'s Opp'n at 10-13.)

Lee plainly has stated a causal connection between her protected status and her hostile work environment claim, and that is all she is required to do at this stage. See Stanford, 2006 WL 1722329, at *5. The burden, of course, will be on Lee to prove actual severe or pervasive conditions to establish the existence of a hostile work environment.

<u>CONCLUSION AND ORDER</u>

Because the Navy has not shown that allowing Lee to plead her additional claims of retaliation and hostile work environment would be futile, Lee's motion to amend her complaint will be granted.  Accordingly, it is hereby

ORDERED that Lee's motion [11] to amend the complaint be, and hereby is, GRANTED.

-8-

SIGNED this 17th day of July, 2006.

                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge