UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDA J. LEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  v. | ) Civil Action No. 05-1335 (RWR) |
| | ) |
| GORDON R. ENGLAND | ) |
| SECRETARY OF THE NAVY | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## FIRST AMENDED COMPLAINT

1.   Plaintiff Brenda J. Lee, by and through undersigned counsel, files this civil action against Defendant Gordon R. England, Secretary of the Navy, in his official capacity only, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., and seeks relief pursuant to Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the ADEA, for harms caused to Plaintiff by Defendant's unlawful retaliation for her testimony against sexual harassment in Bolling v. England, EEOC case no. 100-A2-7211x, and by Defendant's unlawful discrimination against her on the basis of her race (African American) and age (DOB 12-04-48).  These actions complained of were that Defendant twice denied Plaintiff a promotion from GS-12 to GS-13 Program Analyst, publicly stated that her performance was deficient, and reassigned the majority of her important workload to co-workers and thereby retaliated and discriminated against

her.  Plaintiff requests as relief: a promotion to a GS-13 position retroactive to the earliest date that discrimination is found, with full back pay and benefits including interest, maximum compensatory damages, declaratory and injunctive relief, and attorney fees, costs, and expenses, in order to remedy Defendant's unlawful acts.

## PARTIES

2.   Plaintiff Brenda J. Lee, a citizen of the United States, is a long-time GS-343-12 Program Analyst in the Naval Sea System Command's (NAVSEA) Security Assistance Programs Division at the Washington Navy Yard in the District of Columbia, with over 34 years of government service and over 13 years of experience as a GS-12 Program Analyst with NAVSEA.  She resides at 2509 Southern Avenue, #301, Temple Hills, MD 20748. Ms. Lee is African American and over 57 years of age.

3.   Defendant Gordon R. England is Secretary of the Navy and the head of the United States Department of the Navy, and as such, has ultimate authority over the actions of NAVSEA. Defendant is sued in his official capacity only.  His address is 1000 Navy Pentagon, Washington, DC 20350-1000.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. § 1331.

5.   Specifically, this Court has jurisdiction over this Complaint pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(d),

and 1981a, and 29 U.S.C. § 626(b).

6. This Court is the proper venue pursuant to 28 U.S.C. § 1391, 42 U.S.C. § 2000e-5(f)(3), and 29 U.S.C. § 633a(c). The majority of the discriminatory acts took place in the District of Columbia.

7. Ms. Lee timely initiated contact with Defendant's Equal Employment Opportunity ("EEO") Office regarding her claim of retaliation and discrimination (Agency Case No. 04-00024-010) on August 3, 2004, within 45 days of the July 13, 2004 selection for GS-13 in this case and the July 21, 2004 denial of a GS-13 promotion through accretion of duties. She was notified of her right to file a formal discrimination complaint by Agency letter dated August 30, 2004. Ms. Lee then timely filed her formal discrimination complaint on September 13, 2004. After completing its Report of Investigation ("ROI") on Plaintiff's formal complaint, Defendant issued Ms. Lee a letter dated February 28, 2005, authorizing her to request an Equal Employment Opportunity Commission ("EEOC") hearing, which she timely did on March 22, 2005. Plaintiff filed the Complaint in the above-captioned case more than 180 days after filing her formal discrimination complaint. See 42 U.S.C. § 2000e-16(c).

8. Ms. Lee also timely initiated contact with an EEO Counselor on May 24, 2005, within 45 days of an April 14, 2005 intra-office meeting at which her supervisor, Donald Seibel (white), told her, falsely, in front of her co-workers that her

performance needed improvement, which created great emotional distress and harmed her reputation, and Mr. Seibel reassigned the three major countries for which she was responsible (Australia, Korea, and Egypt) to other co-workers. Plaintiff files the instant First Amended Complaint more than 180 days after filing her formal discrimination complaint. See 42 U.S.C. § 2000e-16(c).

**FACTS**

9. Ms. Lee is a highly qualified, civilian GS-12 Program Analyst for the Navy and has served in such positions for over 13 years. She has extensive training and certification, including training from the Defense Acquisition University, Northern Virginia Community College (Business Information Training, Career Studies Certificate, 1999 cum laude), and NAVSEA. She has regularly been recognized with cash awards and letters of appreciation and commendation since assuming her duties as a GS-12 Program Analyst in 1991.

10. Ms. Lee, who began working for the Navy in 1969, has worked the majority of her career and life with NAVSEA.

11. Since 1991, Ms. Lee has served as GS-343-12 Program Analyst in the Security Assistance Programs Division. As a Program Analyst, Ms. Lee is responsible to the Branch Head for financial systems support for the Security Assistance Program pre-case data development in the Defense Security Assistance Management System (DSAMS) for all Letters of Offer and

Acceptance (LOA), Price and Availability (P&A) data, case amendments and modifications, Foreign Military Sales (FMS) financial systems integrity, and input and improvements.

12. Among her many duties, Ms. Lee is responsible for performing the overall pre-case financial data development for all FMS requests, case amendments and modifications, case control input requirements execution, developing and improving new and existing program systems, and special projects management.

13. At the time in July 2004 of her non-selection to GS-13 at issue in this Complaint, Ms. Lee had over 34 years of professional experience with the Navy and over 13 years of dedicated service as a GS-12 Program Analyst for NAVSEA. Her performance rating at the time Defendant discriminatorily denied her the opportunity to be promoted to a GS-13 position was an "A" for "Acceptable."

14. As a GS-12 employee, Ms. Lee has been performing the same duties as two other GS-13s (Renee Dutton and Barbara Hall) since 1998 and has not been compensated accordingly. Despite being a grade lower, Ms. Lee has been made responsible for more duties and responsibilities than these two GS-13 co-workers.

15. While serving in her present position, and throughout her tenure as a GS-12 Program Analyst, Ms. Lee has repeatedly received an "Exceeds Fully Successful" rating and glowing reviews from her supervisors. She has also been the recipient

of a numerous performance awards and letters of appreciation.

16. In 1999, Ms. Lee submitted a Declaration in a NAVSEA administrative investigation of same-sex sexual harassment charges filed by fellow employee Carolyn Bolling against their supervisor, Christine Chaikowski.  Ms. Lee stated in her Declaration that Ms. Chaikowski had tried to kiss Ms. Lee once during the 1980's and had recently patted her bottom.  Ms. Lee testified that she was aware that Ms. Chaikowski had engaged in similar conduct toward other female employees at NAVSEA.

17. Later, on December 3, 2002, Ms. Lee testified to these events at Ms. Bolling's EEOC hearing.  On information and belief, Ms. Lee's third-line supervisor, Hercules Randolph, was fully aware of Ms. Lee's participation in Ms. Bolling's EEO case.

18. Ms. Lee put Mr. Randolph on notice that she was seeking a promotion to GS-13 when she spoke with him on April 30, 2004, and requested a promotion through accretion of duties because she was doing the same grade level work as her GS-13 fellow employees.  However, Ms. Lee was denied a promotion to a GS-13 position despite her qualifications, experience, and fully successful performance.

19. On July 21, 2004, Mr. Randolph noncompetitively assigned younger, white employee Marivic Britton, who had no prior EEO activity, to a GS-13 Program Analyst position in the subject areas in which Ms. Lee had the greatest expertise.  Mr.

Randolph selected Ms. Britton from among the applicants for another vacant position, for which he knew Ms. Lee had not applied. (Ms. Lee had chosen not to apply for the other GS-13 because she was less familiar with that subject matter.) Mr. Randolph intentionally retaliated and discriminated against Ms. Lee by denying her a chance to compete for the GS-13 position at issue, for which he knew or should have known she was the best qualified candidate.

20. At about the same time, Mr. Randolph informed Ms. Lee that she could ask for a desk audit. However, he told her that if she did and it turned out that she was performing at the higher GS-13 level, she still would not receive a promotion through accretion of duties. Instead, he would advertise her position and fill it competitively.

21. After Ms. Lee had filed her first discrimination complaint challenging her nonselection, she was humiliated at a staff meeting on April 14, 2005, when her supervisor Donald Seibel (white) publicly reprimanded her about alleged performance deficiencies and then stripped her of responsibilities for the countries with the greatest workload that she had been assigned: Australia, Egypt, and Korea. Her countries were then given to NAVSEA employees who were younger employees or white employees with no known previous EEO

activity.[1]  The practical effect of the reassignment of Ms. Lee's countries to other employees was to leave her with virtually no work to do, an effect which will be compounded as the Navy institutes a performance-based pay system, currently scheduled to be implemented in May 2006, and Ms. Lee's assigned work is tied directly to her compensation.

    22. Ms. Lee has also been subjected to reprisal for her protected EEO activity when she applied for the GS-13 position that Ms. Britton vacated only a few weeks after she was selected for it.  The Agency selected a less-qualified, white male for the GS-13 opening instead.  Ms. Lee is not stating a claim based on this nonselection but is including it for background only.

## CAUSES OF ACTION

### Count I

    23. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Brenda J. Lee on the basis of unlawful EEO reprisal when it denied her a promotion to the position of GS-13 Program Analyst, refused her an accretion of duties promotion, and reassigned her major countries of Australia, Korea, and Egypt to co-workers with no prior EEO activity known to Plaintiff who were either white or younger than Plaintiff, in violation of its own personnel procedures and in violation of Title VII of the Civil

---

[1] After a number of months, with the pendency of this lawsuit, Egypt was recently reassigned back to Ms. Lee.

Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

**Count II**

24. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Brenda J. Lee on the basis of her race (African American) when it denied her a promotion to the position of GS-13 Program Analyst, refused her an accretion of duties promotion, and reassigned her major country of Australia to a white co-worker, in violation of its own personnel procedures and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

**Count III**

25. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Brenda J. Lee on the basis of her age (late 50's) when it denied her a promotion to the position of GS-13 Program Analyst, refused her an accretion of duties promotion, and reassigned her major countries of Australia, Korea, and Egypt to younger co-workers, in violation of its own personnel procedures and in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq.

**Count IV**

26. Based on the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Brenda J. Lee on the bases of EEO reprisal, race, and age when

it subjected her to a hostile work environment when her white supervisor (a) publicly stated in a staff meeting that her performance was deficient and (b) reassigned her major countries of Australia, Korea, and Egypt to co-workers with no prior EEO activity known to Plaintiff who were either white or substantially younger than Plaintiff.

## RELIEF REQUESTED

27. Plaintiff requests the following relief:

   a. Immediate appointment of Plaintiff to the GS-13 position of Program Analyst in the Security Assistance Programs Division of NAVSEA, or an agreeable equivalent position, with the appointment being retroactive to the earliest date that discrimination is found.

   b. Full back pay, with interest, and back benefits from the date of Plaintiff's non-promotion to the date of judgment;

   d. Maximum compensatory damages to which Plaintiff is entitled after proof at trial;

   e. Restoration of the full responsibilities of Plaintiff's position, including responsibility for Australia and Korea (Egypt was recently restored to Plaintiff);

   f. Appropriate record correction consistent with the facts of this case and the above-requested

relief;

g. An Injunction enjoining Defendant from discriminating against any employee, including Plaintiff, on the basis of EEO reprisal, race, or age, with appropriate notices of the injunction posted at NAVSEA in Washington, D.C.;

h. The reasonable attorney fees at prevailing market (<u>Laffey</u>) rates, costs, and expenses of this action; and

i. Such other relief as the Court deems just and appropriate.

### **JURY TRIAL**

28. Plaintiff requests a trial by jury on all issues that are triable by jury.

                                _____
JOSEPH D. GEBHARDT
(D.C. Bar No. 113894)
CHARLES W. DAY, JR.
(D.C. Bar No. 459820)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

February 6, 2006              Attorneys for Plaintiff