UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDA J. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-1335 (RWR/JMF) |
| | ) |
| DONALD C. WINTER | ) |
| SECRETARY OF THE NAVY, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S UNOPPOSED
MOTION TO AMEND BRIEFING SCHEDULE**

Because of the volume of business GEBHARDT & ASSOCIATES has with the U.S. Attorney's Office in employment discrimination cases, in the interest of maintaining good working relations and cordiality, Plaintiff did not object to Defendant's request for 10 additional days to prepare and file a dispositive motion. Plaintiff notes that the Court has granted the extension request, but wishes to place this Response on the record.

Brenda Lee has been waiting over two years for her U.S. District Court case to be heard, and now the Defendant is asking for extra time to bring a Motion seeking to throw it out. Ms. Lee originally filed her EEO complaint challenging her non-promotion in July 2004[1] and a year later filed in this Court on

---

[1] The three-year wait since Ms. Lee's non-promotion has, understandably, had debilitating effects on her pay, job

July 1, 2005.  When Plaintiff sought leave to amend her Complaint to add a new count, which is routinely granted, Defendant unexpectedly opposed Plaintiff's Motion arguing that the new count was "futile."  The Court disagreed with Defendant's contention and entered an Order granting Plaintiff's Motion for Leave on July 17, 2006.  <u>See</u> Memorandum Opinion and Order.  Over the course of nine months of discovery, the parties requested and received four extensions of discovery (<u>see</u> Docket Nos. 15, 17, 21, 23), until on January 22, 2007, the Court cautioned that further requests for extensions would be disfavored. <u>See</u> Minute Order dated January 22, 2007.  Throughout this case, Plaintiff has worked cooperatively with Defendant on scheduling issues.

    Then, in March 2007, the parties entered into a period of mediation at the urging of the Court.  Plaintiff in good faith made a settlement offer on May 15, 2007.  (<u>See</u> Status Report, Docket No. 24).  Plaintiff twice agreed to Defendant's request to extend the mediation period in expectation of a counter-offer, which Plaintiff never received until the last day before

---

opportunities, and work satisfaction.  At the time of her non-promotion, Ms. Lee was 56 years of age, and she had served as a GS-12 Program Analyst in the Security Assistance Programs Division for 13 years at NAVSEA.

the mediation period expired, August 1, 2007, and then with deal-breaking conditions.[2]

Now, having had all spring and summer to work on its Motion for Summary Judgment, with the assistance of Agency counsel,[3] Defendant nonetheless seeks an extension to the briefing schedule agreed upon by the parties and approved by the Court. The Defendant's side has two or more paid, experienced lawyers working on this case (the AUSA[4] and at least one Agency counsel). Thus, the many delaying tactics, as evidenced by this latest extension motion, seem merely to confirm Defendant's disdain.

---

[2] The Assistant United States Attorney apologized for the delay in returning a settlement offer. The apology notwithstanding, the AUSA and Agency counsel have still had all spring and summer to work on Defendant's Motion for Summary Judgment, since Defendant's side chose not to engage in the mediation process (except perfunctorily at the 11th hour).

[3] NAVSEA's Counsel's Office is typically very active in defending against employee discrimination claims in all forums, including the U.S. District Court. As Defendant's Motion (at 1) admits, 'defendant's dispositive motion has been drafted" and "defense counsel [the AUSA] has been unable to complete the motion for review . . . ."

[4] We acknowledge that Ms. Braswell's current caseload and schedule are very demanding and that her 10-day extension seems warranted. However, we take issue with Defendant's need for extra time after it has had half a year to prepare its long-intended Motion for Summary Judgment. See n.1 at 1, supra.

                                        Respectfully submitted,

                                        _____/s/_____
                                        JOSEPH D. GEBHARDT
                                            (D.C. Bar No. 113894)
                                        CHARLES W. DAY, JR.
                                            (D.C. Bar No. 459820)
                                        GEBHARDT & ASSOCIATES, LLP
                                        1101 17th Street, N.W.
                                        Suite 807
                                        Washington, DC 20036-4716

September 7, 2007              Attorneys for Plaintiff