```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

BRENDA J. LEE,                         )
                                       )
         Plaintiff,                    )
                                       )
         v.                            ) Civil No. 05-1335 RWR
                                       )
DONALD WINTER, Secretary,              )
United States Navy,                    )
                                       )
         Defendant.                    )
                                       )
```

DEFENDANT'S REPLY TO PLAINTIFF'S "RESPONSE" TO
DEFENDANT'S UNOPPOSED MOTION TO AMEND BRIEFING SCHEDULE

Although this Court granted defendant's unopposed motion to amend the briefing schedule, defendant cannot let plaintiff's "response" to defendant's unopposed motion go unanswered, because it unfairly castigates defendant for extensions sought based on the litigation demands of defense counsel Assistant U.S. Attorney Marina Utgoff Braswell, as plaintiff's counsel well knows. AUSA Braswell has made clear to plaintiff's counsel that delays in this case were the unavoidable, and regrettable, result of an exceedingly heavy caseload she currently carries, including a putative class action before this Court that has resulted in numerous disputes between the parties that have necessitated numerous court filings and motions' hearings. See Moore v. Chertoff, Civil No. 00-953 (D.D.C.) (RWR). And this is only one of AUSA Braswell's approximately 50 cases, which includes another

active class action currently in discovery.

Plaintiff's claim that delays in this case manifest defendant's "disdain" for plaintiff's claims and consist of "delaying tactics" rings particularly hollow given the fact that plaintiff's counsel has agreed to defense counsel's filing of motions for extension of time based on good cause shown, as Fed. R. Civ. P. 6 requires, and has even joined in more than one of the extensions sought.  If plaintiff's counsel thought these requests for extensions of time were being done in bad faith or for some improper purpose, he had a duty to oppose them.  He did not, and should not be allowed to use a "response" to an unopposed motion for extension of time as an excuse to try and paint defendant in a negative light, when he knows full well that the delays sought were based only on AUSA Braswell's schedule,[1] and not any desire or intent by defendant to delay resolution of this case or prevent plaintiff's claims from receiving the consideration by this Court to which they

---

[1] Plaintiff's counsel need only look at the time at which defendant's dispositive motion is being filed tonight, as well as this reply, to get some idea of the schedule AUSA Braswell is keeping in order to try and meet her litigation demands.

2

are entitled under the law.

    Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    /s/
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226